PETERSON, Judge.
Charles A. Lloyd appeals a declaratory judgment proclaiming subsection 85.031(2), Florida Statutes (1995), constitutional. The statute provides a creditor with a procedure to follow in order to conduct a public sale of property subject to a lien without judicial proceedings under certain conditions. Lloyd’s three thoroughbred horses were sold at a public sale held by Danzel Brendemuehl for recovery of fees owed to him for the care of Lloyd’s horses. Lloyd had attempted to make payment with a cheek but his check was returned for insufficient funds. We affirm.
Section 713.65, Florida Statutes (1995) creates a lien in favor of all persons who provide for the care and maintenance of horses and othesp animals. The lien may be enforced or foreclosed in the traditional manner through judicial process, or it may be enforced through the self-help provisions of section 85.031. That section provides:
85.031 Remedies against personal property only; all lienors.—
* * * * * * * *
(2) BY SALE WITHOUT JUDICIAL PROCEEDINGS. When any person entrusts to any mechanic or laborer, materials with which to construct, alter, or repair any article of value, or any article of value to be altered or repaired, and if the article is completed and not taken away, and the reasonable charges not paid, such mechanic or laborer may sell it after 3 months from the time such charges become due at public auction for cash but before the sale the mechanic or laborer shall give public notice of the time and place thereof, by notices posted for 10 days in 3 public places in the county, one of which shall be at the courthouse, and another in some conspicuous part of his or her shop or place of business. The proceeds of the sale, after payment of charges for construction or repair with the costs of the sale, shall be deposited with the clerk of the circuit court for the county, if the owner is absent, where they shall remain subject to the order of the person' legally entitled thereto. The clerk shall .be entitled to receive 5 percent on the proceeds for the care and disbursement thereof. Any person claiming a lien under s. 713.65, of part II of chapter 713, may enforce it by sale without judicial proceedings in the manner set forth herein after 1 month after the time the charges for which a lien is claimed become due.
(Emphasis added).
Lloyd asserts that this statute violates the due process requirements of the United States and Florida Constitutions because it deprives a person of his property without adequate notice and a pre-sale hearing to contest the validity of the hen.
*1156 The threshold question in any judicial inquiry into conduct claimed to be violative of the due process clause of the Fourteenth Amendment of the United States Constitution, is whether the state has in some fashion involved itself in what, in another setting, would otherwise be deemed private activity.[1] Northside Motors of Florida, Inc. v. Brinkley, 282 So.2d 617 (Fla.1973) (Fourteenth Amendment is directed solely to state action and individual invasion of individual rights is not the subject matter thereof). This is made plain by the express terms of the Fourteenth Amendment which specifies that “nor shall any state deprive any person of life, liberty, or property without due process of law” (emphasis added). The same “state action” requirement applies to the due process clause of our state constitution. Art. I, § 9, Fla. Const. (“No person shall be deprived of life, liberty or property without due process of law....”).
We find the decisions in Flagg Brothers, Inc. v. Brooks, 436 U.S. 149, 98 S.Ct. 1729, 56 L.Ed.2d 185 (1978) and Comstock Investment Corp. v. Kaniksu Resort, 117 Idaho 990, 793 P.2d 222 (1990) dispositive on the issue of whether the requisite state action is present in the instant Florida statute under dispute. In addressing the constitutionality of an Idaho statute, the appellate court stated:
We next address the constitutionality of I.C. § 45-805. The boat owner contends that the statute is infirm because it authorizes á sale without expressly requiring “actual” notice to the property owner, or a judicial hearing. The version of the statute applicable here simply requires that a notice of sale be published in a newspaper in the county where the property is located. This was done. The boat owner argues that such notice is inadequate — that it denies procedural due process in violation of the Fourteenth Amendment to the United States Constitution.
The argument is not persuasive, legally or factually. From a legal standpoint, it runs afoul of the axiom that a due process issue must be framed by state action. The lien sale procedure authorized by I.C. § 45-805 is a self-help remedy. The United States Supreme Court has held, in Flagg Brothers, Inc. v. Brooks, 436 U.S. 149, 98 S.Ct. 1729, 56 L.Ed.2d 185 (1978), that the self-help provision of a statute creating a warehouseman’s lien does not constitute state action. Similarly, the Idaho Supreme Court has determined in Massey-Ferguson Credit Corp. v. Peterson, 102 Idaho 111, 626 P.2d 767 (1980), that self-help repossession under Article 9 of the Uniform Commercial Code does not constitute state action invoking the Fourteenth Amendment. We find these cases to be controlling.
Comstock Investment at 227-28. (Footnote omitted).
In Flagg Brothers, a case involving a New York statute, the U.S. Supreme Court stated:
It is quite immaterial that the State has embodied its decision not to act in statutory form. If New York had no commercial statutes at all, its courts would still be faced with the decision whether to prohibit or to permit the sort of sale threatened here the first time an aggrieved bailer came before them for relief. A judicial decision to deny relief would be no less an “authorization” or “encouragement” of that sale than the legislature’s decision embodied in this statute. It was recognized in the earliest interpretations of the Fourteenth Amendment “that a State may act through different agencies, — either by its legislative, its executive, or its judicial authorities; and the prohibitions of the amendment extend to all action of the State” infringing rights protected thereby. Virginia v. Rives, 100 U.S. 313, 318, 25 L.Ed. 667 (1880). If the mere denial of judicial relief is considered sufficient encouragement to make the State responsible for those private acts, all private deprivations of property would be converted into public acts whenever the State, for whatever reason, denies relief sought by the putative property owner.
Not only is, this notion completely contrary to that “essential dichotomy,” Jackson [v. Metropolitan Edison Co.], supra, *1157 [419 U.S. 345] at 349, 42 L.Ed.2d 477, 95 S.Ct. 449 [(1974)], between public and private acts, but it has been previously rejected by this Court. In Evans v. Abney, 396 U.S. 435, 458, 90 S.Ct. 628, 24 L.Ed.2d 634 (1970), our Brother Brennan in dissent contended that Georgia statutory provision authorizing the establishment of trusts for racially restricted parks conferred a “special power” on testators taking advantage of the provision. The Court nevertheless concluded that the State of Georgia was in no way responsible for the purely private choice involved in that ease. By the same token, the State of New York is in no way responsible for Flagg Brothers’ decision, a decision which the State in § 7-210 permits but does not compel, to threaten to sell these respondents’ belongings.
Here, the State of New York has not compelled the sale of a bailor’s goods, but has merely announced the circumstances under which its courts will not interfere with a private sale. Indeed, the crux of respondents’ complaint is not that the State has acted, but that it has refused to act. This statutory refusal to act is no different in principle from an ordinary statute of limitations whereby the State declines to provide a remedy for private deprivations of property after the passage of a given period of time.
We conclude that the allegations of these complaints do not establish a violation of these respondents’ Fourteenth Amendment rights by either respondent Flagg Brothers or the State of New York. The District Court properly concluded that their complaints failed to state a claim for relief under 42 USC § 1983 [42 USCS § 1983], The judgment of the Court of Appeals holding otherwise is reversed.
Flagg Brothers at 199, 98 S.Ct. 1729.
Likewise, we find the Florida legislature has not invoked state action through the self-help provisions of subsection 85.031(2), Florida Statute (1995), and that therefore, the statute is not violative of the due process clauses of the United States and Florida Constitutions.
Notwithstanding, we note that subsection 85.031(2) was enacted over thirty years ago and its notice provision could stand some modernization. Posting a notice of proposed sale in three places in the county may have been sufficient in times gone by. Perhaps the statute should be amended to at least provide that notice by certified mail be sent to the last known address of the debtor advising of the amount of the lien, and the date, time and location of the sale.
We also note that a debtor has pre-sale and post-sale judicial remedies not emanating from this statute that are available to test the propriety of a private sale pursuant to subsection 85.031(2) if the indebtedness is believed to be unjust. The appellant has done that in his complaint and the procedure followed by the creditor will be considered upon remand.
We affirm the trial court’s determination that section 85.031, Florida Statutes (1995) is constitutional. We remand to the circuit court to dispose of the remaining issues raised by Lloyd as to compliance with subsection 85.031(2), Florida Statutes (1995).
AFFIRMED AND REMANDED.
THOMPSON, J., concurs.
GRIFFIN, C. J., concurs in result only.

. Neither Lloyd nor Brendemuehl addressed this threshold inquiry regarding state action.